**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113439

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aida Markistic, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>National Enterprise Systems, Inc. and Main Street Acquisition Corp.,<br><br>        Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Aida Markistic, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against National Enterprise Systems, Inc. and Main Street Acquisition Corp.(hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Aida Markistic is an individual who is a citizen of the State of New York residing in Queens County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant National Enterprise Systems, Inc., is an Ohio Corporation with a principal place of business in Cuyahoga County, Ohio.

8.      On information and belief, Defendant Main Street Acquisition Corp., is a Nevada Corporation with a principal place of business in New York County, New York.

9.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.      Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS COMMON TO ALL CLAIMS

11.      Defendants allege Plaintiff owes a debt ("the Debt").

12.      The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.      Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14.      Plaintiff's last payment on the Debt was prior to 2008.

15.      Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

16.      In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated May 5, 2017. (**"Exhibit 1."**)

17.      The Letter was the initial communication Plaintiff received from Defendants.

18.      The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19.      The statute of limitations for the Debt began to accrue prior to 2008.

20.      The Letter was sent after the statute of limitations expired.

21.      The Letter demands payment.

22.      Making any payment on a time-barred debt may result in revival of Plaintiff's

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

otherwise time-barred debt.

23.      22 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

24.      Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to provide any indication to Plaintiff that no legal action could be undertaken to attempt to recover the debt.

25.      Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred debt.

26.      Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to provide the notifications required by 22 N.Y.C.R.R. § 1.3.

27.      15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

28.      15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29.      As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that the time-barred debt is legally enforceable; and therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

30.      As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred debt; and therefore, Defendant violated 15 U.S.C. § 1692e.

31.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

32.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a time-barred consumer debt, without advising the consumer that no legal action could be undertaken to attempt to recover the debt and/or that any partial payment by the consumer may result in the revival of the consumer's otherwise time-barred debt, from one year before the date of this Complaint to the present.

33.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

34.     Defendant regularly engages in debt collection.

35.     The Class consists of more than 35 persons from whom Defendant attempted to collect a time-barred consumer debt, without advising the consumer that no legal action could be undertaken to attempt to recover the debt and/or that any partial payment by the consumer may result in the revival of the consumer's otherwise time-barred debt.

36.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.\

4

BARSHAY | SANDERS_PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

38.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

39.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.    Certify this action as a class action; and

b.    Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.    Find that Defendants' actions violate the FDCPA; and

d.    Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.    Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.    Grant Plaintiff's costs; together with

g.    Such other relief that the Court determines is just and proper.

DATED: October 11, 2017

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113439
